```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


CATHERINE WILLIAMS                          CIVIL ACTION

v.                                          NO. 11-1737

STATE FARM FIRE & CAS. CO.                  SECTION "F"
```

                            ORDER AND REASONS

    Before the Court is the defendant's Rule 12(c) motion for judgment on the pleadings on the basis of prescription. For the reasons that follow, the motion is GRANTED.

## Background

    This is a Hurricane Katrina insurance coverage dispute. For a discussion of the federal class action Katrina litigation prior to the filing of plaintiff's supplemental and amending complaint, see <u>McKnight et al. v. State Farm Fire & Cas. Co.</u>, No. 11-1686, 2012 U.S. Dist. LEXIS 8582, at *1-4 (E.D. La. Jan. 25, 2012).

    On July 15, 2011 plaintiff filed her supplemental and amending complaint, which was assigned to this Court. The plaintiff asserts that her property at 3020 Short Street in Orleans Parish, Louisiana was insured by an All Risk homeowner's policy and was "substantially damaged" as a result of Hurricane Katrina. Essentially cutting and pasting the allegations of the mass joinder complaint, plaintiff asserts that State Farm breached its insurance contract and arbitrarily and capriciously violated its duties of good faith and fair dealing, entitling

1

plaintiff to damages, including statutory penalties.  Again parroting the mass joinder complaint, plaintiff suggests that State Farm was named as a defendant in four putative class actions:

(1)  Connie Abadie, et al. v. Aegis Security Ins. Co., et al., No. 06-5164, which was filed on August 29, 2006;
(2)  Susan Abadie, et al. v. Aegis Security Ins. Co., et al., No. 07-5112, which was filed on August 28, 2007;[1]
(3)  The Insurance Master Consol. Class Action Complaint, which was filed on March 15, 2007 in In re: Katrina Canal Breaches Consol. Litig., No. 05-4182; and
(4)  Louisiana State, et al. v. AAA Ins. Co., et al., No. 07-5528, which was filed on September 11, 2007.

Because State Farm was allegedly named as a defendant in these putative class actions, the plaintiff asserts that the pendency of the class action litigation interrupted prescription as to plaintiff's claims.  Plaintiff's supplemental and amending complaint is one of sixty-eight identical complaints filed by the same plaintiffs' attorney, on the same day, in the U.S. District Court for the Eastern District of Louisiana.

State Farm now seeks judgment on the pleadings in its favor on the ground that the plaintiff's claims are prescribed.

                                I.
                                A.

The standard for deciding a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil

---

[1] The Louisiana state legislature extended the prescriptive period to September 1, 2007 for claims on property insurance policies arising out of Hurricane Katrina.  La.R.S. 22:658.3(A).

2

Procedure is the same as the one for deciding a motion under Rule 12(b)(6).  <u>Gentilello v. Rege</u>, 627 F.3d 540, 543-44 (5th Cir. 2010).  To survive a Rule 12 motion to dismiss or for judgment on the  pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" <u>Gonzalez v. Kay</u>, 577 F.3d 600, 603 (5th Cir. 2009)(quoting <u>Iqbal</u>, 129 S.Ct. at 1949 (2009))(internal quotation marks omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

*B.*

1. Prescription

The burden of proving prescription rests with the moving party.  <u>Taranto v. Louisiana Citizens Prop. Ins. Corp.</u>, 62 So.3d 721, 726 (La. 2011)(citing <u>Bailey v. Khoury</u>, 891 So.2d 1268, 1275 (La. 2005)).  However, if a petition is prescribed on its face, then the burden shifts to the plaintiff to negate the presumption by establishing that prescription has been suspended or interrupted.  <u>Id.</u>

2. Article 596 Class Action Tolling

Article 596 of the Louisiana Code of Civil Procedure is "a special provision that prevents prescription from accruing

against the claims of members of a putative class action until the propriety of the class action or the member's participation in the action is determined." Taranto v. Louisiana Citizens Property Ins. Corp., 62 So.3d 721, 729 (La. 2011)(citations omitted). Id. at 729.  Article 596 provides that:

> Liberative prescription on the claims arising out of the transactions or occurrences described in a petition brought on behalf of a class is suspended on the filing of the petition as to all members of the class as defined or described therein. Prescription which has been suspended as provided herein, begins to run again:
> (1) As to any person electing to be excluded from the class, thirty days from the submission of that person's election form;
> (2) As to any person excluded from the class pursuant to Article 592, thirty days after mailing or other delivery or publication of a notice to such person that the class has been restricted or otherwise redefined to exclude him; or
> (3) As to all members, thirty days after mailing or other delivery or publication of a notice to the class that the action has been dismissed, that the demand for class relief has been stricken pursuant to Article 592, or that the court has denied a motion to certify the class or has vacated a previous order certifying the class.

La.C.C.P. art. 596.[2]

## II.

State Farm contends that it is entitled to judgment on the pleadings, given that the plaintiff has not stated plausible

---

[2] Article 596 was amended in 2010 to provide that prescription continues to be tolled during the pendency of an appeal of an order striking class allegations.  However, because the putative class actions invoked by plaintiffs here were filed in 2007 and the order striking the class allegations was issued in 2009, the 2010 amendment does not apply.

claims for relief because her claims are prescribed.  The Court agrees.

A.

The prescriptive deadline for Hurricane Katrina insurance claims, as well-established and extended by the Louisiana Legislature, was September 1, 2007.  Although the plaintiff did not file her individual claim until July 15, 2011, the plaintiff's claim was originally filed as part of a mass joinder that was filed on September 13, 2010.  Thus, there can be no dispute that the plaintiff did not sue State Farm within the September 1, 2007 extended prescription deadline.  Because the plaintiff's claims are facially prescribed, the plaintiff bears the burden of proving suspension of prescription.  The plaintiff falls well short of satisfying her burden to establish that her claims were suspended.

B.

In an attempt to discharge her burden of proving suspension, the plaintiff invokes the class action tolling doctrine, codified in La.C.C.P. article 596 and recently applied by the state high court in Taranto,[3] suggesting that its application saves her

---

[3] In Taranto v. Louisiana Citizens Property Ins. Corp., the Louisiana Supreme Court applied La.C.C.P. article 596 and held that the Taranto plaintiffs' Katrina lawsuits were timely filed, reasoning that prescription was suspended upon the timely filing of certain pending class action suits, which included the Taranto plaintiffs as putative class members.  62 So.3d 721, 724 (La. 2011).

facially prescribed claims against State Farm.

The plaintiff suggests that she has carried her burden by summarily concluding in her amended complaint that State Farm was a named defendant in four putative class actions. The Court disagrees. In fact, this Court has previously rejected identical attempts by the same plaintiffs' counsel to summarily invoke the class action tolling doctrine. See <u>Cascio v. State Farm Fire and Cas. Co.</u>, No. 11-1699, 2011 WL 5439331 (E.D. La. Nov. 9, 2011); <u>McKnight et al. v. State Farm Fire & Cas. Co.</u>, No. 11-1686, 2012 U.S. Dist. LEXIS 8582, at *1-4 (E.D. La. Jan. 25, 2012).

Plaintiff's allegation here -- invoking the same four class actions asserting the same conclusory allegations relating to suspension -- fare no better: nowhere in the plaintiff's complaint does she state that she is or was a putative member of the class actions she lists; nor does she identify which claims were presented in those putative class actions; nor does she suggest how her current claims have identity with the claims presented in the list of class actions. Significantly, glaring realities undermine the plaintiff's ability to carry her burden: as State Farm points out, two class actions invoked by the plaintiff (<u>Abadie I</u> and the <u>Master Class</u>) involve attempts to recover for flood damage, whereas the plaintiff here seeks to recover for wind damage under her homeowners policy; the plaintiff does not even suggest eligibility for Road Home

6

benefits such that her claims would align with the Louisiana <u>Road Home</u> complaint.  And as for a fourth putative class action, <u>Abadie II</u>, even the plaintiff concedes that State Farm was not named as a defendant.

Accordingly, the defendant's Rule 12(c) motion for judgment on the pleadings is GRANTED.  The plaintiff's claims are dismissed with prejudice.

New Orleans, Louisiana, April 10, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE